IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ESHA ROBERT HILL, <br><br> Plaintiff, <br><br> v. <br><br> HOUSTON COUNTY JUDICIAL CIRCUIT, *et al.*, <br><br> Defendants. | CIVIL ACTION NO. <br> 5:17-cv-00481-TES-MSH |

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**ORDER AND RECOMMENDATION**

_____

Before the Court is the United States Magistrate Judge's Order and Recommendation [Doc. 12]. The Magistrate Judge recommends that the Court dismiss Plaintiff's claims against Defendants Mincey, Franklin, Waters, and the Houston County Judicial Circuit. He also recommends that the Court dismiss Plaintiff's Eighth Amendment excessive bail claims against Defendants Hartwig, Mincey, Talton, and Franklin, and his malicious prosecution claims against Defendants Hartwig and Mincey. Finally, the Magistrate Judge recommends that Plaintiff's remaining Fourteenth Amendment due process claim against Defendants Talton[1] and Hartwig, which arises from their alleged requirement of cash-only bond, be allowed to proceed.

---

[1] Although the Order and Recommendation inadvertently states that Plaintiff "has plausibly alleged a Fourteenth Amendment due process claim against Sheriff *Franklin*," [Doc. 12 at 5] (emphasis added), the

Having thoroughly reviewed the recommendations, and having received no objections from the Parties, the Court hereby **ADOPTS** the Order and Recommendation [Doc. 12] and **MAKES IT THE ORDER OF THE COURT**.

In his Complaint, Plaintiff states that he "is indigent and would like to be appointed counsel by the court being that I am pursuing a civil matter against county elected officials who have the means to produce funds to hire an attorney for their defence [sic]." [Doc. 1 at 7]. The Court construes this statement as a motion for the appointment of counsel, which is **DENIED**.

There is no constitutional right to appointed counsel in a civil action. *See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Instead, the appointment of counsel in a civil case is a privilege that is justified only in exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether to appoint legal counsel, the Court should consider, among other things, the merits of Plaintiff's claims and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).

In this case, Plaintiff's remaining claims are neither complex nor novel, and Plaintiff does not present other exceptional circumstances that would warrant the appointment of counsel. Therefore, the Court **DENIES** Plaintiff's motion for the appointment of counsel [Doc. 1]. If, however, it becomes apparent that exceptional

---

claim is intended to proceed against Sheriff Talton. *See* [Doc. 12 at 6 ("Thus, Plaintiff may proceed with this claim against Defendant Talton and Hartwig.")].

circumstances justify the appointment of counsel in this case, the Court will entertain a renewed motion.

Having thoroughly reviewed the recommendations, the Court **ADOPTS** the Order and Recommendation [Doc. 12] and **MAKES IT THE ORDER OF THE COURT**. Accordingly, the following parties are **DISMISSED without prejudice**: Mincey, Franklin, Waters, and the Houston County Judicial Circuit. The only remaining claim is Plaintiff's Fourteenth Amendment due process claim against Defendants Talton and Hartwig stemming from their alleged requirement that Plaintiff's bond be paid in cash only. Plaintiff's motion for appointed counsel [Doc. 1] is **DENIED**.

**SO ORDERED**, this 23rd day of May, 2018.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT**